UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Maria Gina Bernardino Maliwat,<br><br>    Plaintiff<br><br>vs.<br><br>State Farm Mutual Automobile Insurance,<br><br>    Defendant | Case No.: 2:14-cv-00976-JAD-NKJ<br><br>**Order Granting Motion to Remand**<br>[#7] |

    Maria Gina Bernardino Maliwat sued State Farm Mutual Automobile Insurance in state court for failing to pay underinsured/uninsured motorist benefits she demanded under her $25,000 insurance policy after she was injured in a car accident.[1]  State Farm removed her lawsuit to federal court based on diversity jurisdiction and Maliwat now moves for remand, arguing that her numerous $25,000 policy-limit demands demonstrate that the value of her claims falls below the $75,000 jurisdictional threshold.[2]  State Farm concedes Maliwat's policy has a $25,000 limit but argues that her $100,000-plus demand to the at-fault driver satisfies the threshold amount for federal jurisdiction.  I find that State Farm has not satisfied its burden of demonstrating that Maliwat's claims in this case have a value above $75,000, and I remand this case back to the Eighth Judicial District Court.

## Discussion

    Federal courts are courts of limited jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[3]  Because there is a "strong presumption" against removal jurisdiction, the burden rests on removing defendants to demonstrate

---

[1] Doc. 1-1 at 11–12.

[2] Doc. 1 at 1; Doc. 7.

[3] *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

1

that removal was proper and federal jurisdiction exists.[4]  Broad or conclusory allegations that the jurisdictional amount is met "[can] neither overcome the 'strong presumption' against removal jurisdiction, nor satisf[y the defendant]'s burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy" is satisfied.[5]  If the defendant fails to demonstrate by a preponderance of the evidence that the disputed amount "more likely than not" exceeds $75,000, the court lacks subject-matter jurisdiction and the case must be remanded.[6]

**A.   Maliwat's claims against State Farm do not exceed $75,000.**

Maliwat's State Farm policy provides up to $25,000 in coverage.[7]  Recognizing this policy limit, Maliwat has maintained in her settlement demands to State Farm that she is entitled to payment from this insurer in the amount of $25,000.[8]  State Farm offers no evidence that Maliwat has claimed entitlement to more than $25,000 from it.  Instead, it argues that the repeated allegations in her complaint that she incurred damages "in excess of $10,000"—when added to the damages she delineated in her demand to the at-fault driver ($101,658.72, see Doc. 9-3 at 5)—clearly exceed the threshold amount.[9]

When a plaintiff does not plead a specific damages amount and "alleges only upper or lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to

---

[4] *Id.*

[5] *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (quoting *Gaus*, 980 F.2d at 567); *see also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the ad damnum is silent.") (internal quotations and citation omitted); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

[6] *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see also Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (the removing party bears the burden of establishing that the jurisdictional amount is satisfied at the time of removal based on competent facts outside the face of the pleadings); 28 U.S.C. 1447(c); *see also Aguon-Schulte v. Guam Election Comm'n*, 469 F.3d 1236, 1240 (9th Cir. 2006) ("remand may be ordered either for lack of subject-matter jurisdiction or for 'any defect' in the removal procedure").

[7] Doc. 7 at 2–3.

[8] Doc. 7-1 at 7, 20, 37.

[9] Doc. 9 at 5.

make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint."[10] But the damages Maliwat sought from the at-fault driver are not dispositive of the value of Maliwat's claims against State Farm. Liability against State Farm is based on a contractual theory, and that contract provides $25,000 in insurance benefits. State Farm offers no evidence that Maliwat has ever sought more than $25,000 for her claims against it. Indeed, all of Maliwat's demands to State Farm have sought $25,000, and the Ninth Circuit has recognized that a "settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim,"[11] as I conclude Maliwat's letters do.[12] Even if I add together the "amount in excess of $10,000" allegations in each of Maliwat's three claims against State Farm, they total just $30,000 in claimed damages, which still falls short of the $75,000 mark.

**B.     Maliwat's punitive-damages prayer does not push her claim value into federal territory.**

State Farm also contends that the court should consider Maliwat's prayer for punitive damages when calculating the amount in controversy.[13] It cites a handful of large punitive-damages awards in insurance bad-faith cases to suggest the potential value of Maliwat's punitive-damages prayer here.[14] State Farm's bald string citation fails to persuade me that a multi-million-dollar punitive-damages award is reasonably anticipated here, and my review of the cited cases reveals that each is too factually dissimilar from the instant case to render any of those verdicts a reasonable barometer. Accordingly, I give no additional value to Maliwat's punitive-damages prayer in calculating the value of this case for jurisdiction purposes.

---

[10] *Elliker v. Contractors Bonding & Ins. Co.*, 3:12-CV-00438-RCJ, 2013 WL 757621 (D. Nev. Feb. 27, 2013) (*citing Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700–01 (9th Cir. 2007)).

[11] *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428–30 (7th Cir. 1997)).

[12] *See* Doc. 7-1 at 6–7, 17–18, 20.

[13] Doc. 9 at 6.

[14] *Id.*

**Conclusion**

State Farm has failed to sustain its burden to demonstrate that this $25,000 policy-limit case has a value in excess of $75,000.  Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand **[Doc. 7] is GRANTED**, this matter is **remanded back to the Eighth Judicial District Court, Case No. A-14-700525-C**, and the Clerk of Court is instructed to **close this case**.

DATED January 8, 2015.

_____
Jennifer A. Dorsey
United States District Judge